GIFFORD (SWIFT v.). See Case No. 13,-696.

GIFFORD, The F. W. See Case No. 5,166.

———

## Case No. 5,410.

### In re GILBERT.

[1 Lowell, 340; [1] 3 N. B. R. 152 (Quarto, 37).]

District Court, D. Massachusetts. July, 1869.

BANKRUPTCY—EXAMINATION OF BANKRUPT — SECOND ORDER—TESTIMONY OF BANKRUPT'S WIFE —EXAMINATION OF THIRD PERSONS.

1. It is the intent of section 26 of the bankrupt act [of 1867 (14 Stat. 529)] that the bankrupt should be fully examined as to all his dealings, &c., but not that he should be examined by each creditor separately. It is therefore the practice to require the assignee to see to it that the first examination is thorough and complete, and it is not the practice to grant a second order for examination except for cause.

[Cited in Re Vogel, Case No. 16,984.]

2. And for like reason the order is not passed before the appointment of the assignee without special cause.

3. The bankrupt's wife may be required to testify to all facts and transactions to which she was either a party or a witness, but not to mere confessions or admissions of her husband concerning his dealings with third persons.

4. Third persons are required to submit to examination only on cause shown by affidavit.

A creditor having applied for leave to examine the bankrupt [Joseph F. Gilbert] and his wife, the practice of the court was thus stated by

LOWELL, District Judge. The twenty-sixth section of the act gives the court power to require the bankrupt to attend and be examined at any time, on reasonable notice, upon the application of the assignee or of any creditor, or without any application. This devolves upon the court not merely a power, but a duty, to order the examination when it shall be shown to be proper, for the due administration of the estate. Our practice is to order one examination of the bankrupt, as of course, upon the application of the assignee or of any creditor who has proved his debt. But that the bankrupt may not be harassed by vexatious applications, the rule is, that this first examination shall extend to all matters concerning which any person interested wishes to inquire. To this end, if a creditor makes the application, he is to notify the assignee of the time and place appointed, and the assignee is to notify all other creditors who, so far as he is informed, have any wish to examine the bank-

———

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

rupt, and is to see to it that this hearing is thorough. Any person interested has the right to take up the examination when the person who first makes it has finished, and so throughout, subject to the supervision and control of the register as to the details. No other application will be granted, except for cause. For a like reason, an examination will not be ordered before the appointment of the assignee, excepting for cause. These rules have been found to work well for all parties, and will be adhered to.

The same section authorizes the court to require the attendance of the wife, and her examination as a witness, for good cause shown. It has been a matter of considerable doubt with me what cause is sufficient for the passage of such an order. Without professing to have fully resolved this doubt, I have determined upon the whole that the statute intends to make the wife a witness to facts within her own knowledge, and more especially to transactions in which she has been a party, but not to mere confessions or admissions of her husband, made in the confidence of the conjugal relation, concerning his dealings with third persons. I cannot bring myself to believe that congress intended to destroy this most sacred of all confidences. I have therefore passed the order only when it has appeared by affidavit that the wife has been a party or a witness in the matters proposed to be inquired about; and the subject-matter is to be set forth in the order for the guidance of the parties in the examination.

A like practice prevails in respect to the examination of third persons under the general words of section twenty-six. It must be shown by affidavit that there is cause to believe that they can disclose something beneficial to the creditors, and they are to be examined only on the subjects specified.

In this case, it is shown that the wife professes to be a creditor of the estate, and she may therefore be examined as fully in regard to her supposed debt as any other creditor might. This I consider the true purpose of the statute. Order accordingly.